542 S.E.2d 726

In the Matter of Ivey Pernell STARKS, Respondent.

No. 25255.

Supreme Court of South Carolina.

Submitted Jan. 30, 2001.
Decided Feb. 26, 2001.

Henry B. Richardson, Jr., and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Ivey Pernell Starks, of Columbia, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law for a period of two years retroactive to the date he was placed upon disability inactive status and until he is removed from disability inactive status and reinstated to the practice of law by order of this Court.[1] We accept the agreement. The facts as admitted in the agreement are as follows.

### *Facts*

Respondent was either retained or appointed to represent several clients in criminal and civil matters. He demonstrated a pattern and practice of failing to represent the clients diligently and competently and failing to adequately communicate with them.

In several instances, respondent made little or no contact with the clients after being retained. He failed to respond to a client's written inquiries or accept the client's telephone calls and failed to notify another client of a hearing which resulted in that client being jailed after having his bond revoked for failing to appear. Respondent's failure to communicate with clients led to one client's incarceration for a period of time which exceeded the maximum prison sentence he could receive. In one instance, respondent entered a guilty plea on behalf of a client and in another instance he entered an agreement to have a case transferred from federal court to state court without authorization from the clients.

In several matters, respondent took little or no action on behalf of his clients after being retained. In one criminal matter, respondent did not investigate the facts, did not interview any witnesses, and did not obtain any discovery. In the same case, he filed a notice of appeal on behalf of the client but did not respond to the request of the Office of Appellate Defense (OAD) about his status as appellate counsel

---

1. Respondent was placed on disability inactive status by order of this Court dated August 9, 1996. *In the Matter of Starks*, 322 S.C. 564, 474 S.E.2d 421 (1996).

so OAD closed their file. In another matter, respondent filed a motion on behalf of a civil client but completed little work thereafter. In two other matters, respondent was retained to initiate lawsuits which were never filed. Respondent failed to return filing fees to one of those clients.

Although respondent has been ill since November 1995, he has failed to ensure that action was taken regarding clients' cases and has failed to return a client's file.

## Law

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing clients); Rule 1.4(a) (a lawyer shall keep clients reasonably informed about the status of their cases and promptly comply with clients' reasonable requests for information); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(d) (engaging in conduct involving misrepresentation) and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following: Rule 7(a)(1), RLDE (violating or attempting to violate the Rules of Professional Conduct); Rule 7(a)(5), RLDE and Paragraph 5(E) of former Rule 413 (engaging in conduct tending to pollute the administration of justice or bringing the legal profession into disrepute, and engaging in conduct demonstrating an unfitness to practice law); and Paragraph 5(A), of former Rule 413 (violating the oath of office taken upon admission to the practice of law).

## Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for a period of two years retroactive to the date he was placed upon disability inactive status and until he is removed from disability inactive status and reinstated to the practice of law by order of this Court. Within fifteen days of the date of this opinion, respon-

dent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.